UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARIF A. DURRANI,                 :
        Plaintiff,               :
                                 :                PRISONER
    v.                           :      CASE NO:  3:07cv1238(CFD)
                                 :
UNITED STATES OF AMERICA,        :
        Defendant.               :

_____

RULING AND ORDER

Plaintiff Arif A. Durrani, currently incarcerated at the Federal Correctional Complex in Adelanto, California, has filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b).

On May 29, 2008, the court dismissed the complaint without prejudice because plaintiff failed to assert that any employee of the government lost or destroyed his property, did not allege that any of the claimed seizures/confiscations of property occurred in Connecticut and did not provide evidence that he had timely exhausted his administrative remedies prior to filing this lawsuit. (See Initial Review Order, Doc. No. 6.)  The court permitted the plaintiff twenty days to file an amended complaint provided he could demonstrate that a specific government employee wrongfully confiscated or converted his property in Connecticut and that he timely exhausted the alleged improper confiscations/conversions of property in compliance with 28 U.S.C. § 2401(b).  Plaintiff has timely filed an amended complaint.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, ___ F.3d ___, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007).

In October 1986, federal officials arrested the plaintiff in Danbury, Connecticut on charges of exporting arms without a State Department license. See U.S. v. Durrani, 835 F.2d 410, 414 (2d Cir. 1987). In April 1987, a jury convicted the plaintiff of three counts of violating the Arms Export Control Act, 22 U.S.C. § 2778(c) (1982). See id. at 413. The Federal Bureau of Prisons released the plaintiff from prison in September 1992. See

2

<u>Durrani v. U.S.</u>, 294 F. Supp. 2d 204, 208 (D. Conn. 2003).  In
January 1998, the plaintiff voluntarily left the United States.
<u>See</u> <u>id.</u>  In February 1998, he established a residence in Mexico.
(<u>See</u> Amended Compl. at 4.)  The amended complaint consists of
seventeen pages of alleged facts covering a time period from 1986
to 2007 and sixty pages of exhibits.  Most of the claims by
Durrani relate to his claim of wrongful conviction.

The FTCA, a limited waiver of sovereign immunity, defines
the scope and conditions of the government's consent to be sued
for money damages.  <u>See</u> 28 U.S.C. §1346(b).  An FTCA claim must
be

> [1] against the United States, [2] for money
> damages, . . . [3] for injury or loss of
> property, or personal injury or death [4]
> caused by the negligent or wrongful act or
> omission of any employee of the Government
> [5] while acting within the scope of his
> office or employment, [6] under circumstances
> where the United States, if a private person,
> would be liable to the claimant in accordance
> with the law of the place where the act or
> omission occurred.

<u>F.D.I.C. v. Meyer</u>, 510 U.S. at 477 (quoting 28 U.S.C. §
1346(b))(internal quotation marks omitted).

The venue provision of the FTCA provides that a plaintiff
may only bring a claim "in the judicial district where the
plaintiff resides or wherein the act or omission complained of
occurred."  28 U.S.C. § 1402(b).  A prerequisite to suit under
the FTCA is presentation of the claim to the appropriate federal

agency.  See 28 U.S.C. § 2675(a).  An FTCA claim against the
United States is time-barred unless a claimant presents the claim
in writing to the appropriate Federal agency within two years
after the claim accrues, and files the action in the district
court within six months of notice by certified or registered mail
of a final decision of the claim by the agency to which it was
presented.  See 28 U.S.C. § 2401(b).   This requirement is
strictly construed.  See United States v. Kubrick, 444 U.S. 111,
113, 117-18 (1979).  Failure to timely exhaust administrative
remedies and file the tort action operates as a jurisdictional
bar to proceeding in federal court.  See Johnson v. The
Smithsonian Institution, 189 F.3d 180, 189 (2d Cir. 1999)
(citations omitted).  The plaintiff bears the burden of pleading
and proving compliance with section 2401(b).  See id.

    With regard to plaintiff's claims of tortious confiscations
or seizures of property, he does not allege that any of the
seizures/confiscations of his property occurred in Connecticut.
Instead, he refers to property seized in Mexico and California in
connection with illegal arrests in 1999 in California and in 2005
as well as property in California that was seized pursuant to a
writ or execution filed in 2006.  Plaintiff attaches copies of
Tort Claims filed in September 2006 and correspondence related to
those claims dated in 2006 and 2007.   Because the plaintiff does
not assert that he resides in Connecticut and does not allege

4

that any of the confiscations/seizures of his property occurred
in Connecticut, his claim under the FTCA fails.  See 28 U.S.C. §
1402(b) (a plaintiff may only bring a claim "in the judicial
district where the plaintiff resides or wherein the act or
omission complained of occurred.")

        Also included in plaintiff's amended complaint are new
allegations regarding his 1986 arrest and 1987 conviction in the
District of Connecticut.  He generally states that venue is
proper in this district because in September 1986, then Assistant
United States Attorney, Holly B. Fitzsimmons[1], gave instructions
and took action that "set in motion a series of actions . . . by
others that the official knew or reasonably should have known
would result in the infliction of constitutional injury, false
imprisonment, exile, loss of all his property for years to come."
Amended Compl. at 2.  Plaintiff further elaborates on his claims
against Judge Fitzsimmons on pages six through ten.  Plaintiff
claims that Judge Fitzsimmons and another assistant united states
attorney altered his Immigration file in 1991 in connection with
a lawsuit filed against the Immigration and Naturalization
Service, Durrani v. INS, Case No. 5:91CV304 (TFGD) (D. Conn. June
17, 1991), and also concealed exculpatory evidence from him in
connection with his federal criminal case in this district in

_____

        [1] Ms. Fitzsimmons is now a United States Magistrate Judge in
the District of Connecticut.

1986 and 1987.[2]

     To the extent that the alleged conduct by former Assistant
United States Attorney Fitzsimmons constituted tortious action
governed by the FTCA, plaintiff does not allege or provide
exhibits to suggest that he timely exhausted his administrative
remedies under the FTCA regarding these claims.  Neither of the
FTCA forms submitted by plaintiff specifically mention or pertain
to any actions by former Assistant United States Attorney
Fitzsimmons or are directed to the United States Attorneys Office
in Connecticut.  Accordingly, these claims are dismissed.  See 28
U.S.C. § 2401(b).

## Conclusion

     For all of the reasons set forth above, the plaintiff's FTCA
claims set forth in the amended complaint are **DISMISSED** pursuant
to 28 U.S.C. § 1915(e)(2)(B)(ii).  If the plaintiff chooses to
appeal this decision, he may not do so in forma pauperis, because
such an appeal would not be taken in good faith.  See 28 U.S.C. §
1915(a)(3)(2000).  The Clerk is directed to enter judgment and
close the case.

---

     [2] These identical claims were raised by the plaintiff
pursuant to Bivens v. Six Unknown Named Agents of the Federal
Bureau of Narcotics, 403 U.S. 388 (1971) in another action filed
in this court, Durrani v. Fitzsimmons, et. al, Case No.
3:07cv1240 (CFD).  The court dismissed the complaint in that
action on September 3, 2008.

6

**SO ORDERED** at Hartford, Connecticut this 29th day of January, 2009.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge